(Nos. 2005-2006, Consolidated—■■■■■■)

D. H. BLUE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 15, 1937.*

M. D. MORAHN, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General for respondent.

Mr. Justice Yantis delivered the opinion of the court:

The above entitled cause now again comes before the court upon a rehearing heretofore granted, following the rendition of the original opinion at the May, 1934 term. An award is sought for damages for overflow of farm lands in the possession of claimant as tenant, which is alleged to have occurred on or about March 15, 1928 and on or about July 4, 1928. In Claim No. 2005 claimant sought an award of three thousand four hundred thirty ($3,430.00) dollars, and in Claim No. 2006 his damages were averred in the sum of two thousand one hundred sixty ($2,160.00) dollars.

In both claims plaintiff alleged that the State of Illinois was the owner and in control, possession and operation of a certain improvement made upon the Illinois River at a point known as "Starved Rock Dam Site" in LaSalle County, Illinois, and that the State, through a Deep Waterway Bond Issue, began and carried on the construction of said deep waterway, together with the construction of a dam, locks, run-ways, embankments and other work necessary to carry on the building and maintaining of a deep waterway; that it was the duty of the defendant, in the construction and maintenance thereof, to build, keep and maintain the water course in that vicinity reasonably clear of any and all obstructions as they emptied into the Illinois River, so as not to cause the natural flow of waters to be obstructed, or to cause any of the creeks or other waters flowing into the Illinois River to become dammed up or the course thereof changed in such manner as to cause such waters to change their course or to overflow on the adjoining land; that the defendant disregarded its alleged duty in this respect, and that through its agents and servants failed and neglected to keep the flow of water in and upon the natural course of a creek which ran adjacent to and through the property of plaintiff, and caused same to overflow by having constructed a large embankment along the Illinois River at the point indicated, thereby causing waters to flood the lands so rented by the plaintiff, and upon which the crops, alleged to have been damaged, were then growing.

An award was denied and the claim dismissed by the former opinion of the court because of those provisions of the statutes of Illinois contained in Paragraphs 113 and 114, Chapter 19 of Cahill's Illinois Statutes in force at the time of the alleged losses.

202

After providing for liability upon the part of the State for damages occasioned by reason of the construction, maintenance or operation of the Illinois Waterway and its appurtenances, (*Chapter 19, Par. 113*) such statute provides as follows:

"All claims for damages to persons (except to employees) and *all claims for damages to property,* real or personal, shall be ascertained, determined and fixed by the Department of Public Works and Buildings, and paid out of any moneys which shall, from time to time, be provided for the payment of such claims."

Said section then sets forth the manner in which the arbitration and determination of such claims shall be had, and then follows the following:

"All claims for damages to persons or property shall be filed with the Department of Public Works and Buildings within five years after the injury complained of." *(Chapter 19, Paragraph 114.)*

In his petition for rehearing claimant alleged that his statement, brief and argument was not presented to the court before the rendering of the decision; that the jurisdiction which the legislature attempted to give to the Department of Public Works and Buildings to hear and determine damages is unconstitutional, does not supercede the Court of Claims Act and does not prescribe or make any provision for the payment of an award for damages which might be ascertained by the Board of Arbitration provided for therein, and that any action by such Department, under the provisions of the Illinois Waterway Act, would therefore be subject to the final jurisdiction of the Court of Claims.

In the brief filed by claimant, under date of May 4, 1934, claimant relies upon Section 13 of An Act to create the Court of Claims, etc., approved June 25, 1917, wherein it is provided that,

"The jurisdiction conferred upon the Court of Claims by this Act shall be exclusive. No appropriation shall hereafter be made by the General Assembly to pay any claims or demands over which the Court of Claims is herein given jurisdiction, unless an award therefor shall have been made by the Court of Claims."

The Illinois Waterway Act was approved June 17, 1919 (Laws 1919, p. 977). We are of the opinion that when the legislature inserted therein the provision contained in section 24 of that Act that, "All claims for damages to property, real or personal, shall be ascertained, determined and fixed by the Department of Public Works and Buildings," used

such words advisedly, and that purported damages arising through the construction or maintenance of such Illinois Waterway should first be inquired into and arbitrated under the direction of the Department of Public Works and Buildings.

In our former opinion we called attention to the fact that there is no provision in said Illinois Waterway Act authorizing the Court of Claims to take jurisdiction over claims arising in connection with such Illinois Waterway, except as to employees, who might be injured while working on same. Such statement is correct. Claimant in his petition for rehearing contends that the Court of Claims has original and exclusive jurisdiction to hear and determine damages arising out of the construction or maintenance of such waterway. We do not believe this contention to be correct. When the two Acts are considered together the legislative intent that arbitration of damage claims should first be had, is apparent. In such arbitration if damages were found to be due the claimant such damages would have been payable, under the terms of the Waterway Act (Sec. 24) "out of any moneys which shall from time to time be provided for the payment of such claims." There having been no compliance by the claimant with the provisions of the Waterway Act for arbitration of his claims and a determination of the amount thereof by the Department of Public Works and Buildings, his claims for damages are not properly before the court for consideration, because of his failure to comply with such preliminary requirements. We hold that the legislative provisions for such inquiry and determination of damages as prescribed by the Waterway Act were fully within the legislative province, and the original opinion of the court is reaffirmed and an award in the consolidated action by claimant is hereby denied.